IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Teresa Eades, | Case No. 8:11-cv-1516-TMC-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| Ark Holdings, Inc.[1]; Covenant Dove, LLC; HMR Advantage Health Systems, Inc.; Easley Living Center, LLC; Majesty Health & Rehab of Easley, LLC; Ark Holding Co., Inc., d/b/a Ark Holdings, Inc., | |
| Defendants. | |

This matter is before the Court on a motion to dismiss [Doc. 9] filed by Defendants Ark Holdings, Inc.,[2] Covenant Dove, LLC, and Majesty Health & Rehab of Easley, LLC (collectively "the Majesty Defendants"). Plaintiff brought this action alleging violations of the Family and Medical Leave Act ("FMLA"). [Doc. 1 .] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases, including cases arising under 29 U.S.C. § 2601 *et seq.*, and submit findings and recommendations to the District Court.

## BACKGROUND

---

[1] Defendant Ark Holdings, Inc., was terminated as a party on July 25, 2011 per Plaintiff's Amended Complaint. [Doc. 17.]

[2] As previously stated, Defendant Ark Holdings, Inc., was terminated as a party on July 25, 2011, after the moving Defendants filed the motion to dismiss presently under consideration by the Court.

The Majesty Defendants filed the present motion to dismiss on July 15, 2011. [Doc. 9.] On July 25, 2011, Plaintiff filed a response in opposition to the Majesty Defendants' motion to dismiss [Doc. 20], as well as an Amended Complaint [Doc. 17]. The Majesty Defendants filed an answer to the Amended Complaint on August 11, 2011. [Doc. 26.] Plaintiff subsequently filed a motion to amend/correct the Amended Complaint on November 15, 2011 [Doc. 57], which the Court granted [Doc. 61]; Plaintiff filed a Second Amended Complaint on November 16, 2011 [Doc. 64].

## DISCUSSION

A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000))); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which

2

were related to the superseded complaint); *McCoy v. City of Columbia*, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot); *Rowley v. City of N. Myrtle Beach*, 2009 WL 750406, at *2–3 (D.S.C. Mar. 16, 2009) (finding as moot the defendants' motion to file answer out of time and the plaintiff's motion for default judgment based on the defendants' failure to timely answer the original complaint because "[t]he original complaint was, in a sense, amended out of existence." (quoting *Thomas v. Se. Pa. Transp. Auth.*, 1989 WL 11222, at *1 (E.D. Pa. 1989))).

However, "if some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended pleading[ because to] hold otherwise would be to exalt form over substance." Wright et al., *supra*, § 1476 (emphasis added). In *Monster Daddy LLC v. Monster Cable Prods., Inc.*, the court held that because the plaintiff repeatedly asserted that the defendant's amended answer remained deficient, it would defy logic and exalt form over substance to accept the defendant's contention that the motion to dismiss the defendant's counterclaims and affirmative defenses was moot after the defendant amended the answer. 2010 WL 4853661, at *3 (D.S.C. Nov. 23, 2010) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2010)). Unlike the exception to the general rule, which contemplates that no subsequent motion is filed to address the new pleading, *see* Wright et al., *supra*, § 1476, in *Monster Daddy*, following the defendant's amendment of

3

its answer, the plaintiff filed an additional motion to dismiss, renewing its claims that the defendant's counterclaims and affirmative defenses were deficient, 2010 WL 4853661, at *2. Moreover, the court in *Monster Daddy* emphasized that it would be illogical to deny the plaintiff's motion to dismiss "in the face of [the plaintiff's] repeated assertion that [the defendant's] amended answer remains deficient." *Id.* at *3. In that case, after the defendant amended its answer and filed a response contending that its amended answer rendered the plaintiff's initial motion to dismiss moot, the plaintiff filed a reply, maintaining that the defendant's pleadings remained deficient. *Id.* Subsequently, the defendant filed a sur reply countering the plaintiff's motion to dismiss on the merits, and because the defendant failed to address the plaintiff's contention that the defendant's affirmative defenses were insufficiently pleaded, the court ordered the defendant to file supplemental briefing, and the defendant filed a supplemental brief. *Id.* Further, as previously stated, the plaintiff filed an additional motion to dismiss asserting its claims that the defendant's counterclaims and affirmative defenses were deficient; the defendant filed a response to this second motion to dismiss, and the plaintiff filed a reply. *Id.*

Here, the Majesty Defendants neither repeatedly asserted that Plaintiff's pleadings were deficient nor argued that the deficiencies raised in the original motion remained in the subsequent pleadings. Plaintiff filed an Amended Complaint and a response in opposition to the Majesty Defendants' motion to dismiss. [Docs. 17, 20.] The Majesty Defendants filed an answer to the Amended Complaint rather than a second motion to dismiss [Doc. 26], and the Majesty Defendants did not file a reply to Plaintiff's response to the motion to dismiss. Therefore, unlike the plaintiff in *Monster Daddy*, the Majesty Defendants did not

repeatedly assert that Plaintiff's amended pleadings were deficient. Further, the Majesty Defendants did not explicitly assert that the deficiencies they raised in their motion to dismiss remained in Plaintiff's amended pleadings.[3] Accordingly, the Majesty Defendants' motion to dismiss [Doc. 9], which is directed at the original Complaint, should be denied as moot because the original Complaint was superseded by Plaintiff's amended pleadings [Docs. 17, 64], and it would not defy logic and exalt form over substance to deny the motion to dismiss as moot.[4]

---

[3] In their answer to the Amended Complaint, the Majesty Defendants did assert the following defenses:

> (1) Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and
>
> (11) As set forth in Majesty Defendants' Motion to Dismiss, some or all of Plaintiff's claims may be barred to the extent that the permanent guardianship placement did not constitute "placement . . . for adoption or foster care" within the meaning of the FMLA.

[Doc. 26 at 1, 3.] Other defenses asserted in the Majesty Defendants' answer may also go to arguments asserted in their motion to dismiss, but the Court notes these particular defenses to illustrate that the Majesty Defendants did not completely fail to address arguments presented in their motion to dismiss after Plaintiff amended her complaint. However, the Court finds the Majesty Defendants' actions to be distinguishable from the actions of the plaintiff in *Monster Daddy* because the Majesty Defendants (1) did not repeatedly assert that Plaintiff's pleadings remained deficient and (2) explicitly assert that Plaintiff's pleadings remained deficient.

[4] The Court reiterates that the general rule is that motions directed at the superseded pleading are to be denied as moot, but a court may exercise its discretion and consider the motion as being addressed to the amended pleading if some of the defects raised in the original motion remain in the new pleading. As described above, the Majesty Defendants have not specifically argued before the Court that any of the defects raised in the original motion remain in Plaintiff's Second Amended Complaint, which is now the controlling complaint in the case.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Majesty Defendants' motion to dismiss for failure to state a claim [Doc. 9] be DENIED AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 23, 2011
Greenville, South Carolina

6